IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL MILTON, JR.,

    Petitioner,               No. CIV-S-06-0471 DFL KJM P

   vs.

JAMES YATES, et al.,

    Respondents.        ORDER

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss in which respondents argue that petitioner's habeas application is time-barred; petitioner has filed an opposition, and respondents a reply.[1] Initially, the court notes that counsel for respondents has requested that James Yates, the warden at petitioner's place of incarceration be substituted as a respondent for "Janne" Woodford. Mot., n.1. Good cause appearing, the request will be granted. See Fed. R. Civ. P. 25(d)(1); Brittingham v. U.S., 982 F.2d 378, 379 (9th Cir. 1992).

/////

---

[1] On September 1, 2006, petitioner filed a "reply" to respondents' reply brief. With respect to motions, the local rules of this court permit the filing of an opposition and then a reply. Local Rule 78-230(m). Petitioner did not seek leave to file his "reply." Therefore, it will not be considered.

1

Title 28 U.S.C. § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondents argue that the limitations period began to run on July 9, 1997 under § 2244(d)(1)(A). Respondents assert that, as of that date, petitioner was no longer able to file a petition for review in the California Supreme Court.

The court notes that the California Court of Appeal vacated petitioner's sentence on May 29, 1997 and remanded petitioner's case to the Superior Court of Sacramento County. Resp'ts' Lodged Document No. 2 at 18. From the record before the court, it is unclear what exactly happened on remand and when direct review of petitioner's conviction and sentence concluded.

In light of the foregoing, the court will deny respondents' motion to dismiss without prejudice to refiling within thirty days. In the renewed motion to dismiss, respondents must show when direct review concluded with respect to petitioner's conviction and sentence at issue in this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. James Yates is hereby substituted for Janne Woodford as a respondent in this action; and

2. Respondents' July 21, 2006 motion to dismiss is denied without prejudice to refiling within thirty days of this order.

DATED: November 15, 2006.

U.S. MAGISTRATE JUDGE

1
milt0471.157