IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL MILTON, JR.,

    Petitioner,                    No. CIV S-06-0471 RRB KJM P

    vs.

JAMES YATES, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss in which they argue that petitioner's habeas corpus application is time-barred; petitioner has filed an opposition. The issue before the court is whether or not petitioner's habeas corpus application is indeed barred by the limitations period that applies to all petitions for writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner was convicted in the Superior Court of Sacramento County with escaping from prison by force on October 27, 1995. Resp't's Lodged Document No. 1; Resp't's Lodged Document No. 2 at 2. On May 29, 1997, the California Court of Appeal vacated petitioner's sentence. Resp't's Lodged Document No. 2 at 18. Petitioner was re-sentenced in the Sacramento County Superior Court on November 14, 1997. Resp't's Lodged Document No. 3. Petitioner did not appeal.

Direct review under 28 U.S.C. § 2244(d)(1)(A) concluded with respect to petitioner's conviction on January 13, 1998 when time expired for petitioner to file a notice of appeal with respect to the Sacramento County Superior Court's November 14, 1997 imposition of judgment and sentence. See Cal. Rules of Court, Rule 31(a) (West 1997). The limitations period began to run on the next day and ran out on November 13, 1998. This action was not filed until March 8, 2006. The court notes that petitioner filed his first state action for collateral relief on July 22, 2002. Resp't's Lodged Document No. 4. While 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . .," once the statute of limitation has run, a collateral action cannot revive it. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

/////

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' December 18, 2006 motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2007.

_____
U.S. MAGISTRATE JUDGE

1/KR
milt0471.157

3